UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| KINETIC CONCEPTS, INC., ET AL. § <br> Plaintiffs, § <br> § <br> v. § <br> § <br> § <br> MEDELA AG AND MEDELA, INC., § <br> Defendants. § § § | No. SA-08-CV-00087-RF |

### ADVISORY TO THE PARTIES

The above captioned case was previously joined (but not consolidated) with the related case, *Kinetic Concepts, Inc., et al. v. Bluesky Medical Corp., et al.*, No. SA-08-CV-102 (W.D. Tex.) ("*KCI v. Smith & Nephew* case"). On November 11, 2009, the Court granted the Parties' Joint Motion for Separate Trial and Continuance of Trial Setting. The *KCI v. Smith & Nephew* case went to trial in February 2010 and a jury found that Defendants Bluesky Medical Corporation and Smith & Nephew, Inc. (collectively "S&N") infringed Claims 2 and 5 of U.S. Patent No. 5,645,081 ("the '081 patent") and induced infringement of Claims 42, 109, 116, and 121 of United States Patent No. 7,216,651 ("the '651 patent"). The jury also found the patents in suit valid and not obvious.

However, on October 18, 2010, the Court entered an order and final judgment in the *KCI v. Smith & Nephew* case in favor of S&N, finding that both the '081 patent and the '651 patent were invalid as obvious under 35 U.S.C. § 103. *See KCI v. Smith & Nephew* case, Docket No. 605. Because this case also involves infringement allegations of the '651 patent, which

1

has been declared invalid as obvious, the Court is of the opinion that summary judgment should be entered in favor Defendants Medela AG and Medela, Inc. as to the '651 patent so that all parties can appeal the Court's obviousness determination at the same time. Before so proceeding, the Court seeks the views of the parties.

Additionally, the Court seeks guidance from the parties regarding how the remaining infringement claims as to the related U.S. Patent No. 7,198,046 ("the '046 patent") should proceed. Although the Court did not decide the validity of the '046 patent in the *KCI v. Smith & Nephew* case, there are similarities in the '046 patent and the patents in suit. Are the similarities such that the Court should consider the obvious issue on summary judgment?

Accordingly, the Court requests that the Parties submit a brief advisory regarding the impact of the Court's recent decisions in the *KCI v. Smith & Nephew* case on the above captioned case. The advisories should not exceed ten (10) pages and should be filed no later than **November 5, 2010**.

Signed this 19th day of October, 2010.

                                                 Royal Furgeson
                                                 Senior United States District Judge